Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
J. Patrick Mason
Deputy Attorney General
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
pmason@guamattorneygeneral.com
**Attorneys for the Government of Guam**

**FILED**
DISTRICT COURT OF GUAM
SEP 23 2009
JEANNE G. QUINATA
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| SHANNON H. SELEEN<br>　　Plaintiff,<br><br>　　vs.<br><br>DEPARTMENT OF EDUCATION,<br>GOVERNMENT OF GUAM,<br>　　Defendant. | Civil Case No. 09-00010<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S REPLY TO MOTION TO DISMISS AND SUPPORTING MEMORANDUM** |

Defendant **Department of Education, Government of Guam** respectfully responds as follows to *Plaintiff's Reply to Defendant's Motion to Dismiss for Insufficiency of Process and Service*.

1. This action was commenced on May 15, 2009 by the filing of a "Complaint for Damages under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and the Rehabilitation Act of 1973," together with a demand for jury trial, against the Guam Public School System, Government of Guam.

2. Summons issued to the Guam Public School System[1] on May 20, 2009. There is no dispute that the complaint was never served upon the Attorney General of Guam, or that the plaintiff has attempted service of process of a summons and complaint upon the Attorney General.

3. According to plaintiff's *Reply to Order to Show Cause*, and its attachment, "Prior to the Defendant filing his Motion to Dismiss, attorney Littlepage informed the Defendant and the Court that he would be moving and unavailable for a period." Attached as Exhibit 1 to plaintiff's *Reply*, is a copy of an unsigned letter dated July 29, 2009 addressed to all the courts of Guam, "ALL PRACTICING ATTORNEYS," the Office of the Attorney General and others. The letter states that plaintiff's counsel was closing his offices "as of August 14, 2009."

4. On August 10, 2009, four days *before* plaintiff's counsel's announced closure of his office on Guam, the Department of Education, Government of Guam filed a motion seeking dismissal of the complaint pursuant to Fed.R.Civ.P., Rules 12(b)(4) and (5) asserting insufficiency of process and insufficiency of service of process as provided in Rule 4 of the Federal Rules of Civil Procedure. This motion was served on plaintiff's counsel on August 10,

---

[1] The Guam Public School System was re-renamed the Department of Education by the Guam Legislature pursuant to P.L. 30-50 (July 14, 2009). Although the caption and text in footnote of the court's September 1, 2009 *ORDER Continuing Scheduling Conference* identified defendants (plural) as "Department Of Education and Government of Guam," the Department of Education respectfully advises the court that there is and has always been only one defendant in this case: the (singular) Government of Guam Department of Education, not the Department of Education and the Government of Guam. This appears to have been corrected in the court's September 18, 2009 ORDER and NOTICE OF RECEIPT OF EMAILS AND FACSIMILIES, which refers to only one defendant. Despite the court's footnote in its September 1, 2009 *ORDER* directing the parties to substitute "Department of Education for Guam Public School System "in all future filings," plaintiff's Reply to Defendant's Motion to Dismiss; Reply to Order to Show Cause; and proposed Scheduling Order and Discovery Plan that the court was kind enough to share with the Attorney General's Office and that are attached to the court's September 18, 2009 ORDER, persist in referring to the Department of Education as the Guam Public School System.

*Seleen v. Department of Education Government of Guam*
Case No. 09-CV-00010 (District Court of Guam)

2

2009 and received at exactly 3:20 p.m. *See* attached Exhibit A. As of August 10, 2009, plaintiff had until September 15, 2009, another 35 days of the 120 days permitted by Fed.R.Civ.P., Rule 4(m) for service of summons and the complaint, to remedy her insufficiency of service of process simply by serving the Attorney General of Guam.[2]

5. Four days before plaintiff's counsel reportedly intended to close his office, plaintiff was afforded more than adequate notice and opportunity to moot the questions presented here. All she had to do was properly serve the Attorney General or ask the Attorney General to waive formal service pursuant to Fed.R.Civ.P., Rule 4(d). That being so, defendant simply cannot agree with plaintiff's speculation in her *Reply to Order to Show Cause* that "Defendant knew when it filed its Motion to Dismiss that Plaintiff was in the middle of a move and would not be able to respond timely...." Plaintiff had plenty of time to remedy her failure to perfect service on the Attorney General before and after her attorney closed his office and left island.

6. This court does not have jurisdiction over the only named defendant in this case, the Department of Education, Government of Guam.

> "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). While Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with

---

[2] Defendant respectfully submits that what it could have done – rather than extend the plaintiff the courtesy of advising her and informing the court by way of motion that service of process was insufficient – was simply ignore the complaint altogether and await plaintiff's motion for entry of default, and then feigned surprise at never having been properly served, moving to dismiss at that time. That, of course, would have been wasteful and disingenuous.

*Seleen v. Department of Education Government of Guam*
Case No. 09-CV-00010 (District Court of Guam)

3

its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986). Both Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure allow a motion to dismiss for insufficiency of process. Rule 12(b)(4) was designed to challenge irregularities in the contents of a summons. *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (1986), reversed on other grounds by 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). Rule 12(b)(5) permits a defendant to challenge the method of service attempted by the plaintiff.

*Cranford v. United States*, 359 F.Supp.2d 981, 983-84 (E.D. Cal. 2005).

7. More than 120 days having elapsed since the filing of the complaint without proper service upon the defendant, and despite the matter having been brought to plaintiff's attention now on multiple occasions. In the absence of "good cause" shown, the rules *require* that an order dismissing the complaint is due to be entered. *See* Fed.R.Civ.P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.") (emphasis added). Although the rule allows the court limited discretion to grant the plaintiff additional time "if the plaintiff shows good cause," plaintiff has not done so here. Defendant submits the action must therefore be dismissed.

8. Plaintiff's first argument, without citation to authority, that Rule 5(a)(1), Fed.R.Civ.P., which governs service of pleadings after service of the summons and complaint, takes priority over Rule 4 which separately and specifically addresses service of the summons and complaint, is without merit on its face. Rule 5(a)(1)(B) expressly limits its application to "pleading[s] filed after the original complaint," whereas service of the summons and complaint is governed by Rule 4. *See, e.g., Klein v. Williams*, 144 F.R.D. 16, 19 (E.D.N.Y. 1992) ("Klein

cannot avail himself for Rule 4 purposes of the provision in Rule 5 that '[s]ervice by mail is complete upon mailing.' Fed.R.Civ.P. 5(b). By its terms, Rule 5 applies only to a 'pleading *subsequent to the original complaint*,' Fed.R.Civ.P. 5(a) (emphasis added), and does not serve to alter or eliminate the requirements related to service of the summons and complaint under Rule 4. Therefore, plaintiff served neither the Attorney General nor the United States Attorney in a timely fashion."). *Cf. Trustees of the St. Paul Elec. Const. Indus. Fringe Benefit Funds v. Martens Elec. Co.*, 485 F.Supp.2d 1063, 1066 (D. Minn. 2007) ("Rule 5(a) generally excuses the plaintiff from having to serve *anything but* the summons and complaint on a non-appearing defendant.") (emphasis added); *McGee v. Schoolcraft Community College*, 167 Fed.Appx. 429, 434, 2006 WL 126735 (6th Cir. 2006) ("Below Plaintiff argued that the delivery of a copy of the summons and complaint to SCC's offices was adequate service of the individual SCC defendants under Rule 5. The district court agreed that the method of service complied with the requirements of Rule 5, but pointed out that service of the summons and complaint is governed by the more stringent standards of Rule 4 which were not met by the method of service employed. This conclusion was sound. *See* Fed.R.Civ.P. 4, 5.").

9. Plaintiff's second argument, that because the Superintendent of the Department of Education is authorized under Guam law to employ an attorney "to assist and represent [the Department] in all matters," *see* 17 GCA § 3109, and that the Guam Attorney General's Office is required to assist the department in all litigation, *see* 17 GCA § 3110, is similarly without merit. Those statutory provisions do not engraft any exceptions to the rules governing service of process upon the Government of Guam and its line agencies merely because the Department of Education is authorized to employ an attorney or, as 17 GCA § 3110 provides, because one

of the Attorney General's statutory duties is to "assist the Board or the GPSS in all litigation in which the Board or the GPSS is interested." By plaintiff's reasoning, the rules requiring service on the Attorney General are of no consequence, and it is unnecessary to serve the Attorney General if an agency has its own attorney, or if local law requires the Attorney General to represent line agencies.[3] But that is not the rule. The rule, previously explained, requires separate service of process on the department *and* the Attorney General.[4]

10. Plaintiff's argument that she had anything resembling good cause for failing to serve the Attorney General within 120 days because her attorney was in the middle of moving off-island is no better than the kind of argument expressly rejected by the Ninth Circuit in *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985), under former Fed.R.Civ.P., Rule 4(j):

> The inadvertence of Wei's counsel likewise does not qualify as good cause for Wei's failure to comply with Rule 4(j). The rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action.

---

[3] Plaintiff's arguments at pp. 2, 3 of her reply to the motion to dismiss -- that "Defendant's arguments regarding service under the Guam Rules of Civil Procedure are not applicable when service can be and was accomplished as required in the Federal Rules of Civil Procedure," and that Rule 4(j)(2) of the Federal Rules "is not applicable as it deals with States and municipalities" -- require no response beyond noting that plaintiff's assertions are unsupported by any legal authority and utterly fail to respond to the legal arguments and analysis previously provided which spell out exactly why the Guam Rules of Civil Procedure apply and how under Guam's Organic Act the rules governing service of process applicable to states and municipal corporations or other state-created governmental organizations that are subject to suit in the federal courts apply to Guam in the same manner as if Guam were a state. *See* 48 U.S.C. § 1424-2 ("The relations between the courts established by the Constitution or laws of the United States and the local courts of Guam with respect to appeals, certiorari, removal of causes, the issuance of writs of habeas corpus, *and other matters or proceedings* shall be governed by the laws of the United States pertaining to the relations between the courts of the United States, including the Supreme Court of the United States, and the courts of the several States in such matters and proceedings.") (emphasis added).

[4] By comparison, when suing an agency of the United States government, in addition to the agency or official who is being sued, a plaintiff must also serve the Attorney General and the United States Attorney for the federal district where the action is brought. See Fed.R.Civ.P. 4(i)(1), (2). A complaint is properly dismissed for failure to serve the Attorney General and U.S. Attorney within 120 days of filing the complaint as required by Rule 4(m), after the plaintiff has been given notice of the insufficiency of service, even where the agency sued has numerous attorneys of its own, such as the Internal Revenue Service. *See e.g., Godt v. I.R.S.*, 268 Fed.Appx. 474, 475, 2008 WL 656264 (7th Cir. 2008).

---

*Seleen v. Department of Education Government of Guam*
Case No. 09-CV-00010 (District Court of Guam)

> See Geller v. Newell, 602 F.Supp. 501, 502 (S.D.N.Y.1984) ("The harsh sanction of Rule 4(j) is appropriate to those cases in which non-service was the result of mere inadvertence."); Arroyo v. Wheat, 102 F.R.D. 516, 518 (D.Nev.1984) (Rule 4(j) is aimed at "[i]advertent or heedless non-service"); Coleman v. Greyhound Lines, Inc., 100 F.R.D. 476, 477 (N.D.Ill.1984). See also Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir.1984) (inadvertence or oversight of counsel does not constitute "excusable neglect" that might justify an extension of time for filing papers under Fed.R.Civ.P. 6(b)(2) ).[5]

Plaintiff proffers nothing more by way of "good cause" than her counsel's negligence because he was in the middle of moving off-island. As a matter of law, without more, that is not "good cause" within the meaning of the rule.

> Wei does not contend that either he or his attorney attempted to serve the defendants, cf. Geller, 602 F.Supp. 501, was confused about the requirements for service of process, cf. Arroyo, 102 F.R.D. 516, or was prevented from effecting service within the 120 day limit by factors beyond his control. Cf. Moorehead v. Miller, 102 F.R.D. 834 (D.V.I.1984). If we were to hold that Wei's attorney's inadvertent failure to calendar the Rule 4(j) deadline constitutes "good cause," the good cause exception would swallow the rule. The rule places the burden of showing good cause for failure to meet the 120 day deadline upon the party on whose behalf service was required. Counsel always could aver that he or she inadvertently forgot about the 120 day limit. In most cases, it would be extremely difficult to refute such an averment. Cf. Redding v. Essex Crane Rental Corp. of Alabama, 752 F.2d 1077, 1078 (5th Cir.1985) (plaintiff's counsel intentionally refused to comply with Rule 4(j) in order to manipulate claim in state court). A showing of "good cause" within the meaning of Rule 4(j) therefore contemplates more than a simple averment that counsel inadvertently forgot about the time limit that the rule imposes.

Wei, 763 F.2d at 372. Similarly here, plaintiff makes no argument that she attempted to serve the Attorney General but was somehow thwarted in her efforts by forces beyond her control.

---

[5] At the time Wei was decided, Rule 4(j), Fed.R.Civ.P., provided, "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion." There is no functional difference between Rule 4(j) discussed in Wei and Rule 4(m) today.

Seleen v. Department of Education Government of Guam
Case No. 09-CV-00010 (District Court of Guam)

7

Case 1:09-cv-00010   Document 10   Filed 09/23/2009   Page 7 of 11

11. Plaintiff was specifically notified by the defendant of the insufficiency of her service of process on August 10, 2009, a full 35 days before the 120-day period would have expired, which provided plenty of opportunity to properly serve the Attorney General. *Cf. McGregor v. United States*, 933 F.2d 156, 159 (2nd Cir. 1991) ("We find no merit in this contention. The government's answer identified insufficiency of process as an affirmative defense well within the 120-day time period in which plaintiff's attorneys could have cured any defect in process."); *Hegmann v. United States*, 745 F.Supp. 886, 891 (E.D. N.Y. 1990) ("At that point, plaintiffs still had ample time to serve the Attorney General.").[6]

12. The possibility that dismissal of plaintiff's Title VII claim without prejudice may have the same practical effect as dismissal with prejudice, an argument not raised by plaintiff, is not a sufficient *legal* reason to avoid mandatory dismissal of the complaint. Not, according to Ninth Circuit precedent, on the facts presented here.

> If Wei's action is dismissed, his employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, will be time barred. Wei asks us to balance his deprivation of this federal cause of action against the policy behind Rule 4(j) of promoting prompt movement of civil actions through the federal courts. But Congress balanced such policy considerations in enacting Rule 4(j). By providing that district courts "shall" dismiss a complaint served over 120 days after its filing unless service took place in a foreign country or good cause for untimely service has been shown, Congress mandated dismissal in the circumstances of this case. We recognize that Wei may be harmed by his attorney's neglect, but "litigants are bound by

---

[6] It is unclear why plaintiff has does so, but in other un-filed submissions with the court she appears to be trying to suggest that she has been in communication in some fashion with counsel for the defendant by virtue of her references to unilateral communications directed toward Assistant Attorney General David Highsmith, and by her unilateral designation of Mr. Highsmith as counsel for defendant in her proposed Scheduling Order and Discovery plan. Mr. Highsmith is not counsel of record in this case for the Department of Education, has never appeared as counsel in this case, and does not have any responsibilities in this case. The only attorney in the Office of Attorney General who has appeared in this case is the undersigned, who, despite being counsel of record since August 10, 2009, has received no communication from plaintiff's counsel by any means.

*Seleen v. Department of Education Government of Guam*
Case No. 09-CV-00010 (District Court of Guam)

> the conduct of their attorneys, absent egregious circumstances which are not present here." *Kung v. FOM Investment Corp.*, 563 F.2d 1316, 1318 (9th Cir.1977) (citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 526 (9th Cir.1976)).

*Wei*, 763 F.2d at 372.

> Though this result may appear harsh, as plaintiffs are harmed by their attorneys' neglect, " 'litigants are bound by the conduct of their attorneys, absent egregious circumstances which are not present here.' " *Wei*, 763 F.2d at 372 (quoting *Kung v. FOM Inv. Corp.*, 563 F.2d 1316, 1318 (9th Cir.1977)). Consequently, because plaintiffs failed to serve the Attorney General within the 120-day period and have not shown good cause or excusable neglect in failing to do so, the complaint is dismissed.

*Hegmann v. United States*, 745 F.Supp. at 891. In the absence of "good cause" shown, the language of the rule is mandatory.

> If proper service is not accomplished within 120 days after the complaint is filed and the party on whose behalf service was required cannot show good cause why such service was not made, the action must be dismissed. Fed.R.Civ.P. 4(m); *Hart v. United States*, 817 F.2d 78, 80-81 (9th Cir.1987). In the Ninth Circuit, dismissals due to technical noncompliance with Rule 4(i) may be excused if (1) the party to be served personally received notice, (2) the defendant would suffer no prejudice from the service defect, (3) there is justifiable excuse or good cause for the failure to serve properly, and (4) the plaintiff would be severely prejudiced if his complaint was dismissed. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir.1984). If good cause is not shown, dismissal is required. See *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985).

*Cranford*, 359 F.Supp.2d 984-85. "Plaintiff's failure to serve properly or provide an explanation for her failure can only be attributed to inadvertent error or ignorance of the governing rules, neither of which constitute good cause." *Id.*, 359 F.Supp.2d 985 (citations omitted). Plaintiff has failed to properly serve the Attorney General within 120 days, and has failed to provide "good cause" for her failure. The complaint *must* be dismissed.

  13. This is not a case where plaintiff is pro se, and the court and opposing counsel need to be extra solicitous of her unfamiliarity with the rules of court. Nor has plaintiff alleged she

---

*Seleen v. Department of Education Government of Guam*
Case No. 09-CV-00010 (District Court of Guam)

9

has been actively misled by any representations from defense counsel in any way. Plaintiff is presumably represented by able and experienced counsel.[7] She has been afforded more than adequate notice from the defendant and more than ample opportunity to effect proper service upon the Office of the Attorney General. Plaintiff has failed to present "good cause" for her failure to comply with the rules of service, other than her counsel's inadvertence and oversight, neither of which, as a matter of law, is legally sufficient.

## Conclusion

Proper service of process of the summons and complaint is the means by which the court acquires personal jurisdiction over a defendant. This court has never acquired jurisdiction over defendant Government of Guam, Department of Education, because the Government of Guam has never been properly served. More than 120 days have elapsed since filing of the complaint despite notice to the plaintiff. Accordingly, the Government of Guam, Department of Education respectfully submits that the complaint is due to be dismissed.

Respectfully submitted this 23rd day of September, 2009.

Office of the Attorney General
ALICIA G. LIMTIACO, ATTORNEY GENERAL

*(signature)*

**J. PATRICK MASON**
Deputy Attorney General

---

[7] Defendant observes that the court's September 15, 2009 *Order to Show Cause* included the explicit direction that "Counsel's response shall also contain an affirmation that the Plaintiff was personally served with a copy of this Order to Show Cause and a copy of his response." Although plaintiff's counsel nobly "accepts responsibility and requests that any sanctions be directed at him and not at the plaintiff," counsel has failed to include in his response "an affirmation that the Plaintiff was personally served with a copy of this Order to Show Cause and a copy of his response." Counsel's response therefore does not comply with the order of the court.

*Seleen v. Department of Education Government of Guam*
Case No. 09-CV-00010 (District Court of Guam)

10

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 (Fax) • (671) 472-2493 (Fax)
**Attorneys for the Government of Guam**

**FILED**
**DISTRICT COURT OF GUAM**

AUG 10 2009

JEANNE G. QUINATA
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| SHANNON H. SELEEN, ) | Civil Case No. 09-00010 |
| ) | |
| Plaintiff, ) | |
| vs. ) | **MOTION TO DISMISS FOR** |
| ) | **INSUFFICIENCY OF PROCESS AND** |
| GUAM PUBLIC SCHOOL SYSTEM, ) | **SERVICE OF PROCESS &** |
| GOVERNMENT OF GUAM, ) | **MEMORANDUM IN SUPPORT** |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to Fed.R.Civ.P. 12(b)(4) and (5), defendant **Guam Public School System (GPSS)**[*] moves the court to dismiss this action on the grounds of insufficiency of process and service of process.

1. This action was commenced on May 15, 2009 by the filing of a "Complaint for Damages under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and the

///

---

[*] The Guam Public School System has recently been re-renamed the Department of Education. *See* P.L. 30-50 (July 14, 2009).

Seleen vs GPSS
District Court of Guam – Case No. 09-00010

RECEIVED
Littlepage & Associates, P.C.
Date: 8/10/09
Time: 3:20 pm

FILE